# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ETHEL MAE ROSS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. JKB-10-1929 |
| HARRISON QI 17, LLC, et al. | * | |
| Defendants | * | |

********

## MEMORANDUM AND ORDER

Upon the hearing conducted on September 21, 2011, and the parties' extensive written submissions in anticipation of the hearing, the Court ORDERS as follows:

1. Both parties contend that there is a settlement agreement resolving the outstanding claims in this case with respect to Plaintiffs Ethel Mae Ross, Erica Cropper, and Lynelle Johnson. Both parties request that the Court order specific performance of the settlement agreement, but there is a difference between the parties as to the terms of their agreement. The Plaintiffs contend that they are entitled to a jury trial on the question of what terms were agreed to. For the reasons stated in open court, which are incorporated herein, the Court concludes that there is no such entitlement, and, instead, that the question of what terms were agreed to and whether there is to be specific performance (and, indeed whether there is an agreement at all) will be determined after an evidentiary hearing before the Court sitting alone, without a jury.

2. The lawyers who participated in the negotiation of the settlement are necessarily the witnesses who will testify during the evidentiary hearing on the question of what terms were agreed. Therefore, those attorneys, to include Mr. Laws, Mr. Dorsey, Mr.

Martin, and Mr. Swerdlin, are all disqualified from participating in the evidentiary hearing as advocates. Further, all witnesses testifying during the evidentiary hearing will be sequestered. The Court adopts and incorporates herein its oral explanation during the hearing.

3. During the evidentiary hearing, the Court will take evidence on and then decide three questions:

    i. Were attorney's Dorsey and Martin under any limitation from their clients with respect to settlement authority, and, if so, did they bring that limitation to the attention of their opponents? If both of those questions are resolved in the affirmative, then there was no agreement as the defendants do not contend that the Plaintiffs personally accepted the terms. However, if either question is answered in the negative, then any agreements formed by attorneys Dorsey and/or Martin are fully enforceable as they were counsel of record at all relevant times. The Court adopts and incorporates herein its explanation of this ruling during the hearing.

    ii. What are the terms of the settlement agreement? Were the non-economic terms negotiated during the second settlement conference, and which were a part of the settlements reached with the Plaintiffs other than the three now before the Court, implicit terms of the agreement reached between these three Plaintiffs and the Defendant? To the extent that Plaintiff's counsel had the authority to bind their clients or, at least, had not communicated a limitation on that authority, were they reasonably understood to, and did they, implicitly accept those non-economic terms when they announced agreement to their

opponents? Or, was there an agreement to dispose of the three cases on the economic terms only, without reference to the non-economic terms? Or, was there simply no meeting of the minds and therefore no agreement, period?

iii. Was Plaintiff Ross entitled to revoke any acceptance of the settlement terms by virtue of the ADEA revocation clause that appears in the release that she signed, and which was submitted to her by counsel for the Defendants, even though there were never ADEA claims in this case?

DATED this 26th day of September, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge